■ In the Matter of CITINEIGHBORS COALITION OF HISTORIC CARNEGIE HILL et al., Appellants, v NEW YORK CITY LANDMARKS PRESERVATION COMMISSION et al., Respondents. [762 NYS2d 59] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered January 17, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a "certificate of appropriateness" (COA) issued by respondent New York City Landmarks Pres-

ervation Commission (LPC) with regard to proposed plans for the construction of a new building, unanimously affirmed, without costs.

Since the issuance of the COA was rationally based (see CPLR 7803 [3]), the "judgment * * * of the Commission's historians and architects" must be sustained (see Matter of Society for Ethical Culture v Spatt, 68 AD2d 112, 117-118 [1979], affd 51 NY2d 449 [1980]). The record demonstrates that, after numerous public meetings/hearings, the Commission, giving due regard to the opponents of the subject COA application, informed the applicant on June 13, 2000 that the original proposal would not be approved and offered "guidance" as to specific matters, noting that the originally proposed 17-story tower-like building was not appropriate to the "streetscape" formed by the adjacent buildings and was too large for the underlying lot. The applicant thereafter submitted a modified proposal for an 11-story building that gained the support of some architects and community groups and then went further, proposing to reduce the building's height to 10 stories. Final approval was not granted until the developer had satisfied the Commission's condition that the fenestration on the Madison Avenue facade be revised.

The Commission's findings, attached to the COA, reveal that its determinations concerning historical and architectural ramifications of the proposed construction were the result of reasoned deliberation.

The IAS court properly concluded that the LPC was not required to comply with the State Environmental Quality Review Act (SEQRA). Where, as here, "an agency has some discretion, but that discretion is circumscribed by a narrow set of criteria which do not bear any relationship to the environmental concerns that may be raised in an EIS, its decisions will not be considered 'actions' for purposes of SEQRA's EIS requirements" (Incorporated Vil. of Atl. Beach v Gavalas, 81 NY2d 322, 326 [1993]). The Commission's determination with respect to a COA application, limited to the appropriateness of the proposed building's exterior architectural features and narrowly circumscribed by the architectural, aesthetic, historical and other criteria specifically set forth in the Landmarks Preservation Law (see Administrative Code of City of NY § 25-307), was "ministerial" for SEQRA purposes (see Matter of 67 Vestry Tenants Assn. v Raab, 172 Misc 2d 214, 223 [1997]).

We have considered petitioners' contention that the LPC violated the Open Meetings Law and find it to be without merit. Concur—Lerner, J.P., Friedman, Marlow and Gonzalez, JJ.